# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD LEE LUTZ, | Case No. 1:12-cv-01979-SAB |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING THIS ACTION BE DISMISSED FOR FAILURE TO PROSECUTE |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | OBJECTIONS DUE WITHIN FOURTEEN DAYS |
| Defendant. | |

Plaintiff Ronald Lee Lutz is proceeding pro se and in forma pauperis in this action challenging the denial of social security benefits. On December 6, 2012, the Court issued an order directing Plaintiff to complete and return the USM-285 forms so service of this action could be made by the United States Marshal. After Plaintiff did not comply or otherwise respond to the court's order, a second order issued on March 26, 2013 directing Plaintiff to complete and return the USM 285 forms within thirty days so service could be effected. More than thirty days have passed and Plaintiff again has not complied with or otherwise responded to the Court's order.

The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000). In determining whether to dismiss an action for failure to comply with a pretrial order, the Court must weigh "(1) the public's interest in

expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (internal quotations and citations omitted). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. Id. (citation omitted).

Based on Plaintiff's failure to comply with or otherwise respond to the court order, the Court is left with no alternative but to dismiss the action for failure to prosecute. Id. Plaintiff filed this action on December 5, 2012, and the Court has issued two separate orders directing Plaintiff to submit service documents so the action can be served. This action can proceed no further without Plaintiff's cooperation and compliance with the order at issue. The action cannot simply remain idle on the Court's docket, unprosecuted. Id. Accordingly, the Court HEREBY RECOMMENDS that this action be dismissed, without prejudice, for failure to prosecute.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within fourteen (14) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **May 9, 2013**

UNITED STATES MAGISTRATE JUDGE